# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EBER SALGADO, et al.,**
        **Plaintiffs,**

    **v.**                                                                     **Case No. 13-C-1117**

**OVER THE TOP ROOFING &**
**CONSTRUCTION, INC., et al.,**
        **Defendants.**

---

## ORDER

On April 17, 2014, the defendants filed a motion to compel plaintiff Miguel Resendiz to file signed responses to their written interrogatories. Plaintiff's counsel, in her response to the motion, stated that the delay in serving signed responses was due to the fact that the plaintiff is in Mexico and has unstable means of communication. Plaintiff's counsel had provided the defendants with unsigned responses that the plaintiff had orally confirmed over the telephone pending receipt of the signed responses. Plaintiff's counsel requested additional time to submit signed responses. In an order dated April 30, 2014, I granted the defendants' motion to compel and ordered the plaintiff to provide signed interrogatory responses within sixty days.

By June 30, 2014, plaintiff's counsel had received from Resendiz signed responses to the defendants' interrogatories. However, the responses had not been notarized and were not accompanied by a declaration under 28 U.S.C. § 1746 and therefore were not made "under oath," as required by Federal Rule of Civil Procedure 33(b)(3). The reason the responses were not made under oath is that plaintiff's counsel sent them to Resendiz expecting that he would sign them before a notary (and thus did not include the language

required by § 1746), but Mexican notaries refused to notarize the responses because they were written in English rather than Spanish. Plaintiff's counsel informed defendants' counsel of these facts on June 30th and asked whether he would accept the unsworn signed responses. Defendants' counsel said no, but plaintiff's counsel served the unsworn signed responses on defendants on July 1, 2014. On July 7, 2014, plaintiff's counsel sent another set of responses to Resendiz for his signature. This time, plaintiff's counsel sent responses that had been translated into Spanish and, as a back-up in case Mexican notaries still refused to notarize them, included the language required by § 1746. As of today's date, however, plaintiff's counsel has not informed the court that she has received signed, sworn responses back from Resendiz or indicated when she expects to receive them.

The defendants have filed, under Federal Rule of Civil Procedure 37(b)(2), a motion for sanctions against Resendiz for his failure to comply with the court's order of April 30, 2014. The defendants request that the sanction be dismissal of Resendiz's claims and an award of defendants' reasonable expenses, including attorneys' fees, incurred in bringing the motion for sanctions.

At this point, I conclude that sanctions are not warranted for Resendiz's failure to comply with my order of April 30th. Resendiz would have complied but for the mistake in not having the documents translated into Spanish. Moreover, plaintiff's counsel promptly sent documents that had been translated into Spanish to Resendiz for his signature. Finally, the defendants have not pointed to any concrete prejudice from the failure to provide sworn responses. Resendiz has already provided unsworn responses to the interrogatories, so the defendants already possess the information they requested.

2

Because Resendiz attempted to swear to the truth of those responses before a Mexican notary but was prevented from doing to due to a technicality, there is no danger that Resendiz will change his answers between now and the time he submits sworn responses. And defendants have not claimed that the lack of sworn responses has prevented them from taking other discovery in this case. Accordingly, defendants' motion for sanctions will be denied.

Still, the defendants are entitled to sworn responses, and at this point it is unknown when or if sworn responses will be provided. To bring an end to this matter, I will require Resendiz to provide sworn responses on or before August 29, 2014. This deadline will not be extended, and if it is not met Resendiz's claims will be dismissed, whether or not Resendiz continues to have unstable means of communication. See Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994) ("Maintaining communication during the course of litigation is the responsibility of both attorneys and their clients. Mere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so."). If defendants' counsel has not been served with sworn responses by August 29, 2014, he shall notify the court of this fact by letter, and the court will enter an order dismissing Resendiz's claims.

For the reasons stated, **IT IS ORDERED** that the defendants' motion for sanctions is **DENIED**. However, if Resendiz fails to serve sworn responses on defendants by August 29, 2014, his claims will be dismissed.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2014.

                      s/ Lynn Adelman
                      _____
                      LYNN ADELMAN
                      District Judge